Floyd W. Bybee #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd. Ste. 5
Chandler, Arizona 85226
Phone: (480) 756-8822
Fax: (480) 297-0917
Email: floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Marvin Cape;<br><br>    Plaintiff,<br><br>-vs.-<br><br>LVNV Funding LLC; Resurgent Capital Services, L.P.;<br><br>    Defendants | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

## I. INTRODUCTION.

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.,* as amended.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Marvin Cape is an individual residing in Maricopa County, Arizona.

5. Defendant LVNV Funding LLC ("LVNV") is a Delaware limited liability company that regularly conducts business in the District of Arizona.

6. LVNV's principal place of business is located at 355 S Main Street, Suite 300-D, Greenville, South Carolina 29601.

7. LVNV collects or attempts to collect debts owed or asserted to be owed or due another, or debts which were in default at that time they were acquired.

8. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. LVNV is a furnisher of information as contemplated by 15 U.S.C. §1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.

10. Defendant Resurgent Capital Services, L.P. ("Resurgent") is a foreign limited partnership registered and conducting business in the District of Arizona.

11. Resurgent collects or attempts to collect debts owed or asserted to be owed or due another, or debts which were in default at the time they were acquired.

12. Resurgent is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Resurgent is a furnisher of information as contemplated by FCRA §1681s-2(a) & (b), who furnishes information to one or more

consumer reporting agency about consumer transactions or experiences with any consumer.

### IV.   FACTUAL ALLEGATIONS

14. In or about December 2017, Plaintiff opened an Amazon Store Credit Card which was underwritten by Synchrony (hereafter referred to as the "Account").

15. On August 24, 2021, Plaintiff paid the then current balance on the Account in full through a payment from an escrow account when he refinanced his home.

16. Three months later, in November 2021, Plaintiff received his monthly statement on the Account showing a balance owning of $259.34.

17. This alleged balance included the $231.00 he paid through the escrow account, and accumulated interest and late fees.

18. Plaintiff disputed owning any balance on the Account with Amazon.

19. In or about May 2022, Synchrony and Amazon sold the alleged delinquent Account to LVNV.

20. LVNV engaged Resurgent, its sister company, to assist it in the collection of the Account from Plaintiff.

21. On May 31, 2022, Resurgent sent a collection letter on behalf of LVNV to Plaintiff demanding payment.

22. In its letter, Resurgent claimed that a balance of $538.49 was owed on the Account.

23. After receiving Resurgent's letter, Plaintiff hired legal counsel to assist him in attempting to resolve the disputed debt with Synchrony and Amazon, and with Resurgent and LVNV.

24. On July 12, 2022, Plaintiff's counsel sent a letter addressed to both Amazon and Resurgent outlining Plaintiff's dispute, and providing a copy of the escrow receipt showing the payment made to Amazon in August 2021.

25. On July 15, 2022, Plaintiff's counsel sent another letter addressed to Resurgent notifying it that Plaintiff disputed owing the alleged debt, and requesting Resurgent provide verification pursuant to FDCPA § 1692g.

26. Resurgent never provided Plaintiff with verification of the debt.

27. On or about August 16, 2022, Plaintiff acquired a copy of his Trans Union credit report.

28. The Trans Union report included a derogatory tradeline furnished by LVNV and Resurgent concerning the Account.

29. The tradeline included information showing that the Account was in collections and had a balance owing of $538.

30. The LVNV and Resurgent tradeline is the only derogatory item on Plaintiff's Trans Union report.

31. Plaintiff sent a letter to Trans Union on August 30, 2022 disputing LVNV's and Resurgent's reporting of the Account to his Trans Union credit file.

32. Included in his dispute was a copy of the escrow receipt showing that the Account had been paid in August 2021, and that the account should be deleted from his report.

33. Upon information and belief, and as required by the 15 U.S.C. §1681i(a)(2), Trans Union contacted LVNV and Resurgent concerning Plaintiff's dispute and requested that they investigate the dispute.

34. As required by 15 U.S.C. §1681i(a)(2), Trans Union also provided LVNV and Resurgent with a copy of Plaintiff's dispute letter and a copy of the escrow receipt.

35. Upon information and belief, LVNV and Resurgent failed to conduct a reasonable investigation as required by the FCRA and ultimately verified to Trans Union that their reporting of the Account was accurate.

36. On September 23, 2022, Trans Union sent Plaintiff the results of its investigation which showed that LVNV and Resurgent were continuing to report the Account with the derogatory payment status of "In Collection," and with a balance owing of $538.

37. On August 30, 2022, Plaintiff sent a letter to Experian disputing LVNV's and Resurgent's reporting of the Account to his Experian credit file, including that the Account had been paid through escrow in August 2021.

38. Included in his dispute was a copy of the escrow receipt showing that the Account had been paid in August 2021.

39. Plaintiff also requested that the erroneous tradeline be deleted from his report.

40. Upon information and belief, and as required by the FCRA §1681i(a)(2), Experian contacted LVNV and Resurgent concerning Plaintiff's dispute and requested that the dispute be investigated.

41. As required by 15 U.S.C. §1681i(a)(2), Experian also provided LVNV and Resurgent with a copy of Plaintiff's dispute letter and a copy of the escrow receipt.

42. Upon information and belief, LVNV and Resurgent failed to conduct a reasonable investigation as required by the FCRA and

1  ultimately verified to Experian that their reporting of the Account was
2  accurate.
3      43.   On September 15, 2022, Experian sent Plaintiff the results of
4  its investigation of his dispute of the LVNV and Resurgent tradeline.
5      44.   The investigation results showed that LVNV and Resurgent
6  were continuing to report the Account as a collection account, and with a
7  balance owing of $538.
8      45.   On August 31, 2022, Plaintiff sent a letter to Equifax
9  disputing LVNV's and Resurgent's reporting of the Account to his
10 Experian credit file, including that the Account had been paid through
11 escrow in August 2021.
12     46.   Included in his dispute was a copy of the escrow receipt
13 showing that the Account had been paid in August 2021.
14     47.   Plaintiff also requested that the erroneous tradeline be
15 deleted from his report.
16     48.   Upon information and belief, and as required by the FCRA
17 §1681i(a)(2), Equifax contacted LVNV and Resurgent concerning
18 Plaintiff's dispute and requested that the dispute be investigated.
19     49.   As required by 15 U.S.C. §1681i(a)(2), Equifax also provided
20 LVNV and Resurgent with a copy of Plaintiff's dispute letter and a copy of
21 the escrow receipt.
22     50.   Upon information and belief, LVNV and Resurgent failed to
23 conduct a reasonable investigation as required by the FCRA and
24 ultimately verified to Equifax that their reporting of the Account was
25 accurate.
26     51.   On September 21, 2022, Equifax sent Plaintiff the results of
27 its investigation of his dispute of the LVNV and Resurgent tradeline.
28

52. The investigation results showed that LVNV and Resurgent were continuing to report the Account as a collection account, and with a balance owing of $538.

53. LVNV and Resurgent have continued to report its erroneous tradeline to Trans Union, Experian and Equifax claiming that Plaintiff owes a debt.

54. Had LVNV and Resurgent conducted a reasonable, or even a cursory investigation, including a review of their own records and the communications received directly from Plaintiff's counsel, they would have easily determined that the debt had been paid to Synchrony and Amazon in August 2021, and that Plaintiff did not owe the debt they were attempting to collect and were reporting to Trans Union, Experian and Equifax.

55. In December 2022, Plaintiff applied for credit with PayPal, but was denied based upon information contained in his Trans Union credit report.

56. The LVNV and Resurgent tradeline was the only derogatory tradeline on Plaintiff Trans Union credit report.

57. As a result of Defendants' actions, Plaintiff has suffered actual damages including, but not limited to, the lowering of his credit score, actual denial of credit, loss of credit opportunities, false light, invasion of privacy, and embarrassment, frustration, anxiety, and other extreme emotional distress, resulting in physical manifestations in the form of loss of sleep, inability to concentrate and focus, and loss of appetite.

## V.   CLAIMS

### COUNT I - VIOLATIONS OF THE FCRA

58. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

59. At all times pertinent hereto, Defendants were "persons" as defined by 15 U.S.C. § 1681a(b)

60. At all times pertinent hereto, Defendants were "furnishers of information" as contemplated by 15 U.S.C. § 1681s-2(b).

61. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

62. At all times pertinent hereto, the above-mentioned credit report(s) were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

63. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681*o*, Defendants are liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-(2)(b).

64. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT II - VIOLATIONS OF FDCPA

65. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

8

66. Defendants' violation of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

67. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory and actual damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.   JURY TRIAL DEMAND

68. Plaintiff demands trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

69. WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants for the following requested relief:

(a)   Actual damages;
(b)   Statutory damages;
(c)   Punitive damages;
(d)   Costs and reasonable attorney's fees pursuant; and
(e)   Such other and further relief as may be necessary, just and proper.

/ / /
/ / /

9

RESPECTFULLY SUBMITTED:  April 4, 2023  .

 s/   Floyd W. Bybee  
Floyd W. Bybee #012651  
**BYBEE LAW CENTER, PLC**  
90 S. Kyrene Rd. Ste. 5  
Chandler, Arizona 85226  
Phone: (480) 756-8822  
Fax: (480) 297-0917  
floyd@bybeelaw.com

Attorney for Plaintiff